JESSE R. MATHEWS, (*Appellant*,) *versus* JOSEPH W. PATTERSON, *Administrator*.

WM. MATHEWS, (*Appellant*,) *versus* SAME.

By Revised Statutes, c. 105, § 36, it is provided, that "no bond, required by law to be given to the Judge of Probate, or to be filed in the probate office, shall be deemed sufficient, unless it shall have been examined and approved by the Judge, and his approval thereof, under his official signature, written thereon:" — *Held*, that the approval of sureties on a prior bond is not to be taken as approval of the same sureties on a subsequent bond.

Each probate bond must be specifically acted on by the Judge, as required by the statute.

THESE were appeals from a decree of the Judge of Probate, allowing an account of Patterson, administrator *de bonis non*. The case turned upon a single point, which is stated in the opinion of the Court.

*Paine & Stinchfield*, for appellants.

*J. W. North*, for respondent.

APPLETON, J. — The appellants, being dissatisfied with the decree of the Judge of Probate, allowing the account of the

appellee, as administrator *de bonis non* on the estate of Edward Mathews, claimed an appeal, and filed their bond to prosecute the same. The condition of the bond was not for the prosecution of their appeal "at the *next* term of the Supreme Court of Probate," as is required by R. S., c. 105, § 26, but at a time subsequent thereto. The bond being defective, upon motion of the appellee, the appeal was dismissed.

The appellants, upon the dismissal of their appeal, claiming that their omission to prosecute the same was the result of "accident or mistake," at the same term petitioned this Court, that they would, in accordance with R. S., c. 105, § 30, "allow an appeal to be entered and prosecuted with the same effect as if it had been done seasonably," which was granted, upon their filing satisfactory bonds.

By § 32, after an appeal is claimed and the bond filed, "all further proceedings in pursuance of the order, sentence, decree, or denial, appealed from, shall cease, until the determination of the Supreme Court of Probate shall be had thereon." This must be regarded as equally applicable to an appeal by virtue of § 26 or § 30.

By the statute, the appellant is to furnish security, in case of appeal, to the adverse party. The proceedings are not to be stayed in the court of probate, to the injury of parties interested, unless they are furnished with a bond for their protection. The security of the bond is equally required, whether the appeal is under § 30 or § 26.

By § 36, "no bond, required by law to be given to the judge of probate, or to be filed in the probate office, shall be deemed sufficient, unless it shall have been *examined* and *approved* by the judge, and his approval thereof, *under his official signature, written thereon.*"

The bond, in the present case, is not approved by the judge of probate, nor by any Justice of the Supreme Judicial Court, sitting as a court of probate. It is true, it has the same sureties as the bond which was filed and approved by the judge of probate when the appeal was taken, which was subsequently dismissed. But it is not enough to say that this bond has

the same sureties as a former one, which has been approved. A bond, with the same sureties, which will be approved at one time, may not be at another. The sureties may become embarrassed or insolvent. But even if their condition remains unchanged, or should be changed for the better, that will not answer the requisitions of the statute. The approval of the bond by the judge, under his official signature written thereon, is required by law. With that requisition, the appellants have not complied, and their appeal cannot be sustained. ⸢ *Appeal dismissed, and decree*

*of judge of probate affirmed.*

TENNEY, C. J., and CUTTING and MAY, J. J., concurred.
RICE, J., concurred in the result.